# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:10-cr-203-GZS |
| JAMES R. DUHAMEL, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss Pursuant to the Applicable Statute of Limitations (Docket # 43) as well as Defendant's Motion for Hearing (Docket # 54). The Court held a conference of counsel to discuss these motions on March 17, 2011. Having fully considered the parties' written submissions and the oral submissions made at the conference, the Court now GRANTS IN PART and DENIES IN PART the Motion to Dismiss and DENIES AS MOOT the Motion for Hearing.

## I. PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

On December 15, 2010, Defendant, James R. Duhamel, was indicted on one count of embezzlement from an employee benefit plan in violation of 18 U.S.C. § 664. In relevant part, the Indictment alleges that Duhamel owned and operated Durastone, a Maine company that manufactured concrete architectural components. Duhamel also served as a trustee for Durastone's Profit Sharing Plan (the "Plan"), which was subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The Durastone Profit Sharing Plan was managed by Penobscot Pension Services and the Plan's investments were handled by Sentinel Investment Advisors.

In 2005, Durastone was liquidated in bankruptcy. The Indictment alleges that as this liquidation was proceeding, Duhamel "devised a scheme to embezzle the assets of the Durastone Profit Sharing Plan." (Indictment ¶23.) As a result, the Government alleges that approximately twenty participants in the Plan were never paid their vested shares. (Id. ¶39.)

Instead, Duhamel, acting as trustee of the Plan, sent a letter, dated October 11, 2005 to Sentinel asking that the funds in the Plan be released to him. As a result of that letter, Sentinel issued checks totaling approximately $47,000 to Duhamel and his wife (who had been listed as a trustee for the Plan in the past). On October 14, 2005, Duhamel deposited these funds in a new bank account he opened at the Androscoggin Bank, which was held by "James Duhamel, Trustee." In the month that followed, Duhamel wrote four checks out of this account. First, he wrote separate checks to three employees, Wayne Duhamel, Gerald Anderson and Ron Higgins; each of these checks was for $6,400. Additionally, Duhamel wrote a check to himself and his wife for $23,426. Duhamel negotiated this check on October 28, 2005.

After these four checks were cashed, approximately $4,800 remained in the Androscoggin Bank Account. These remaining funds were withdrawn by Duhamel by writing a check to cash dated July 20, 2006, which then was cashed on July 21, 2006. The Indictment clearly alleges that Duhamel was not entitled to any funds as a Plan participant after 2002. (See Indictment ¶15.)

**II.     DISCUSSION**

Defendant has moved to dismiss the Indictment in this matter alleging that the Government failed to comply with the applicable five-year statute of limitations found in 18 U.S.C. § 3282.  As both sides agree, the Government bears the burden of proving that its case was brought within the statute of limitations.  See United States v. Ferris, 807 F.2d 269, 272 (1st Cir. 1986).  To the extent that the Indictment contains allegations that Defendant violated 18 U.S.C. § 664 prior to December 15, 2005, the Government argues that the offense charged qualifies as a continuing offense thereby allowing the charge to extend beyond the five-year statute of limitations.

Having reviewed the statute, the Indictment and all of the cases cited in the papers, the Court does not believe that the nature of the crime involved in a violation of 18 U.S.C. § 664 "is such that Congress must assuredly have intended that it be treated as a continuing one." United States v. Yashar, 166 F.3d 873, 875 (7th Cir. 1999) (quoting Toussie v. United States, 397 U.S. 112, 115 (1970)).  This is the same conclusion reached in United States v. Rivlin, No. 07-cr-524-SHS, 2007 WL 4276712 (S.D.N.Y. Dec. 5, 2007).  See id. at *3 ("[T]he embezzlement of money from an employee benefit plan is not inherently a prolonged course of conduct.").  Additionally, the well-reasoned decision of Magistrate Judge Rich, which was adopted by Judge Hornby, in United States v. Bundy, No. 08-CR-196-DBH, 2009 WL 902064 (D. Me. March 31, 2009) provides further support for the conclusion that the continuing offense exception is inapplicable to the pending case.  Rather than simply repeat what is contained in these two decisions, it suffices to say that the Court's conclusion that the Indictment does not qualify as a continuing offense is based on the reasoning contained in Rivlin and Bundy.  See Rivlin, 2007 WL at *2-*5;

Bundy, 2009 WL at *7-*11; see also United States v. Young, 694 F. Supp. 2d 25, 29 (D. Me. 2010) (similarly following Bundy).

The Court believes that the Toussie test requires the Court to focus on the statute rather than the factual allegations in determining whether an offense qualifies as a continuing offense. See Toussie v. United States, 397 U.S. 112, 115 (1970). Nonetheless, the Court notes that the Indictment here does not allege a "recurring, automatic scheme." United States v. Smith, 373 F.3d 561, 567-68 (4th Cir. 2004) (finding 18 U.S.C. § 641 qualified as a continuing offense when defendant "created a recurring automatic scheme . . . and maintained that scheme without need for affirmative acts linked to any particular receipt of funds"); see also Bundy, 2009 WL at *9 (discussing Smith); United States v. Phan, -- F. Supp. 2d ---, 2010 WL 4940001, at *3 (D. Mass. Nov. 30, 2010) (finding a violation of 18 U.S.C. § 641 involving "an uninterrupted scheme wrongfully to receive SSI payments which continued well into the statute of limitations period" qualified as continuing offense). In this case, each alleged movement of money from the Plan was based on a unique set of actions undertaken by Defendant on different dates.

In the absence of finding that the offense charged in the Indictment is a continuing offense, the Court finds that the Government may not prosecute Duhamel for alleged violations of 18 U.S.C. § 664 that occurred prior to December 15, 2005. However, despite Defendant's arguments to the contrary, the Court concludes that this time limit is not fatal to the pending Indictment. Rather, as the Government alternatively proposed in its response to the Motion to Dismiss, the Court need only "truncate the offense charged to the period . . . from on or about December 15, 2005 to about July 21, 2006." (Gov't Opp'n (Docket # 48) at 13.) As the Court indicated at the conference, the Government is free to move forward to trial on that portion of the

Indictment that falls within the five-year statute of limitations, namely the transaction that is alleged to have occurred on or around July 21, 2006.[1]  (See Indictment ¶ 38.)

III. **CONCLUSION**

Having concluded that the Indictment here does not qualify for a tolling of the statute of limitations as a continuing offense, the Court hereby GRANTS IN PART the Motion to Dismiss and hereby DISMISSES that portion of the Indictment that targets conduct that occurred prior to December 15, 2005.  The parties shall attempt to coordinate a redaction of the Indictment that complies with this ruling.  To the extent that no agreement is reached on redaction, the parties shall alert the Court prior to trial and/or any reading of the Indictment during jury selection.

As discussed at the conference, the Court deems the Government's alternative argument that the five-year statute of limitations was tolled pursuant to 18 U.S.C. § 3290 to be withdrawn and, therefore, determines that no evidentiary hearing is necessary.  For this reason, Defendant's Motion for Hearing (Docket # 53) is DENIED AS MOOT.

This matter remains set for jury selection on April 4, 2011.  Trial will commence on April 25, 2011.  Based on the prior representations of counsel, the Court will reserve four days for this trial.  The parties shall alert the Court as soon as practicable if they believe less trial time is needed in light of this Order.  Trial briefs and any motions in limine shall be filed no later than noon on April 13, 2011.

SO ORDERED.

      /s/ George Z. Singal
      United States District Judge

Dated this 18th day of March, 2011.

---

[1] The Court's ruling limiting the temporal scope of the Indictment does not foreclose the Government from seeking to introduce evidence of actions taken prior to December 15, 2005, so long as the Government establishes that the evidence is relevant and otherwise admissible under the Federal Rules of Evidence.

5